## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **25-cv-1637**

ROCKY MOUNTAIN WILD, INC., a Colorado non-profit corporation;

       Plaintiff,

       v.

UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency;
UNITED STATES DEPARTMENT OF THE INTERIOR, a federal agency;

       Defendants.

---

## COMPLAINT

---

## I.      INTRODUCTION

1. Defendant, United States Fish and Wildlife Service ("FWS") is an agency of the United States Department of the Interior ("USDOI") and has wrongfully withheld agency records responsive to a written request made by Plaintiff Rocky Mountain Wild ("RMW") pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552, *et seq.*

2. RMW filed a written FOIA request with FWS on October 22, 2024 ("FOIA request").

3. The FOIA request seeks information in agency records about the proposed rule to remove the Colorado hookless cactus (*Sclerocactus glaucus* and *Sclerocactus dawsonii)* from the federal list of threatened and endangered species under the Endangered Species Act. 88 FR 21582 (April 11, 2023).[1]

---

[1] Plaintiff previously filed a similar FOIA request on June 6, 2023 which is currently being litigated in *24-cv-02866-NYS-STV*. The October 22, 2024 FOIA request was meant to obtain agency records created or received subsequent to Plaintiff's first FOIA request.

4.   This information was sought to inform Plaintiff's assessment of the propriety of the delisting decision, the science and data supporting or opposing this decision, engage members and decisionmakers about the agency's decision, and strategize about how best to engage in the process prior to and after issuance of a final decision.  Protecting species from potential extinction, promoting their recovery, and the ESA's plain language afford endangered species the highest priorities under federal law. The information in agency records withheld by Defendants is time sensitive.  Delayed access harms Plaintiff's ability to understand the factual basis of the agency decisionmaking and to determine whether the agency's action is based on the best available science and complies with the ESA's delisting requirements.  Defendants' withholdings violate duties Congress imposed on Defendants by passing/amending FOIA and subverts legislative intent that prioritizes protection of the Colorado hookless cactus.

5.   Defendants' FOIA violations harm Plaintiff's participation in a decision that will impact ESA listed cactus species by not providing full and prompt access to agency records responsive to the FOIA Request. Without prompt FOIA access to the withheld agency records, Plaintiff cannot ensure the ESA duties and purposes are being fulfilled, check against corruption, or hold the agencies accountable.

6.   Congress determined that FOIA litigation is subject to expedited consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552 (a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").  Agencies are not allowed to claim insufficient appropriations as a basis to relieve federal agencies of the statutory duties imposed by FOIA or the duty to comply with judicial orders.  Agency requests to stay or delay

FOIA litigation must be justified by a factual showing that establishes "exceptional circumstances." 5 U.S.C. § 552(a)(6)(C). "[T]he term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

7.   By violating FOIA, Defendants have violated Plaintiff's right to promptly access agency records not subject to a recognized FOIA Exemption upon filing a written request, a statutory right that each FOIA requester enjoys regardless of the requester's purpose. 5 U.S.C. § 552.

8.   Plaintiff requests an order finding that FWS violated FOIA, directing FWS to make a prompt determination on Plaintiff's FOIA Request supported by agency declarations documenting each search and each assertion of a FOIA Exemption, and compelling FWS to promptly provide Plaintiff with the responsive records by a date certain.

## II. JURISDICTION AND VENUE

9.   This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

10.  Defendant agencies' failure to make a full and final determination on Plaintiffs' FOIA Request within twenty (20) working days of its October 22, 2024 receipt by FWS is construed as a denial of the FOIA Request and waives further exhaustion of administrative appeal requirements that can otherwise apply in FOIA cases. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

11.  Venue in this Court is proper in the district where "complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B).  Rocky Mountain Wild is the complainant that filed the

FOIA Request, and resides and maintains its principal place of business in Colorado. The records requested by this FOIA Request involve an ongoing FWS delisting decision for a cactus species with habitat on federal public lands in Colorado.

12. Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are agencies of the United States and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

13. This District Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The District Court "shall determine the matter de novo" and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). This FOIA litigation is not subject to the AP Rules of this District Court, and does not involve review of an administrative record. D.C.COLO.LAPR 1.1.

14. This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

15. This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

16. In addition to *de novo* review and authority to compel agency FOIA compliance, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

17. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

18. Plaintiff has made multiple attempts to get a status update from the agency about this FOIA request. Defendants have provided no information on the status of the FOIA request. Defendants have not provided an estimated date for its compliance with FOIA duties triggered by Plaintiff's filing a written FOIA request.

19. The FOIA claims made in this Complaint are ripe for judicial review and Plaintiff's harms can be remedied by an order of this Court.

### III. PARTIES

20. Plaintiff, ROCKY MOUNTAIN WILD ("RMW") is a Colorado non-profit organization based in Denver, Colorado. Rocky Mountain Wild was created by the merger of two of Colorado's most trusted and effective conservation organizations, Center for Native Ecosystems and Colorado Wild. Recognizing the need to stem dramatic losses of native species and habitat, these organizations joined forces to protect, connect and restore wildlife and wild lands throughout the Southern Rocky Mountain region of Colorado, southern Wyoming, eastern Utah, and northern New Mexico. Rocky Mountain Wild has a history of seeking protection pursuant to the ESA for rare and imperiled species throughout the Southern Rockies. This work has included petitioning new species for addition to the ESA list, challenging denials to list species or delisting decisions, advocating for critical habitat and recovery plans, working to protect the ESA from legislative weakening, and other work related to the ESA. RMW has focused attention towards the Colorado hookless cactus (*Sclerocactus glaucus* and *Sclerocactus dawsonii)* for many years. This has included filing comments on projects that could impact the cactus, assessing the denial of critical habitat, and other cactus related work.

21.  RMW regularly uses FOIA as an important avenue for gaining information about agency activities. RMW is harmed when it is denied documents to which it is entitled. RMW intends to continue using written FOIA requests to access agency records in the possession of Defendants.

22. RMW works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. RMW then compiles and analyzes that information and, subsequently, disseminates that information to members, the general public, and public officials through various sources including publications, Plaintiff's websites and newsletters, general news media coverage, and public presentations. RMW has been successful in its efforts at educating the public and elected officials on issues concerning federal government programs and activities that affect the environment and contribute significantly to the public's understanding of governmental operations and activities. RMW also uses the information acquired through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

23. One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.*, 5 U.S.C. § 551, *et seq*. RMW uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in the management of public land. RMW intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. Any person who files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA. RMW filed the FOIA request at issue, and has standing to bring this FOIA suit. RMW brings this action on its own behalf and on behalf of adversely affected members.

24. RMW, its staff, or one or more of their members have and will suffer direct injury by the Defendants' failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. Defendant's refusals to provide timely FOIA access to agency records prevents RMW's informed involvement in Defendant's time-limited opportunities to participate in administrative processes and to effectively engage in FWS's decisions affecting sensitive public lands. Harm to the environment and the cactus flows from Defendant's FOIA violations, which conceal the facts and circumstances of FWS's decisionmaking process. RMW brings this action on behalf of the organization, its staff, and its members.

25. Defendant U.S. Fish and Wildlife Service ("FWS") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges FWS with the duty to provide public access to agency records in their possession or control. FWS possesses records responsive to Plaintiff's FOIA Request. FWS has denied Plaintiff access to agency records in contravention of federal law.

26. Defendant U.S. Department of the Interior ("USDOI") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to agency records in the possession or control of FWS and USDOI. USDOI's various secretaries located in Washington D.C. and the USDOI's Office of the Solicitor work closely with the FWS personnel and contractors. USDOI is denying RMW access to responsive agency records in contravention of federal law.

27. Defendants use a decentralized FOIA program to gather agency records from its personnel's paper and electronic files and agency-wide recordkeeping system. Information known only to Defendants is required to ensure a FOIA-compliant search is carried out.

## IV. SUMMARY OF LAW

28. The U.S. Supreme Court has held that the ESA's language "indicates beyond doubt that Congress intended endangered species to be afforded the highest priorities." *Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 175 (1978).

29.  Without prompt FOIA access to unlawfully withheld agency records, citizens cannot ensure the ESA duties and purposes are being fulfilled, cannot "check against corruption and [...cannot] hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 242 (1978).

30. FOIA imposes statutory duties upon agencies to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the *fundamental 'right to know*.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007) (*emphasis supplied*). Judicial interpretations and applications of FOIA that limit public access must be applied sparingly due to a series of Congressional actions taken to increase public access. *Id*.

31. In 2016, Congress enacted the FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016). Like previous enactments, the 2016 legislation implemented several changes to FOIA that were designed to increase public access to government records. H.R. REP. NO. 391, 114th Cong., 2d Sess. 1, 7-8 [*4] (2016); S. REP. NO. 4, 114th Cong., 1st Sess. 2-5 (2015).

32. The FOIA Improvement Act addresses Congressional "concerns that some agencies [were] overusing FOIA exemptions that allow, but do not require, information to be withheld from disclosure." S. REP. NO. 4, 114th Cong., 1st Sess. 2 (2015); see also H.R. REP. NO. 391, 114th Cong., 2d Sess. 9 (2016) ("[T]here is concern that agencies are overusing these exemptions to protect records that should be releasable under the law.").

33. In 2016, Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can "articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld."" H.R. REP. NO. 391, at 9. The foreseeable harm requirement applies to all nine FOIA Exemptions.

34. FOIA is violated whenever an agency withholds an agency record without first determining that the information is subject to a recognized FOIA Exemption and also determining that public access would actually cause harm to the interests protected by that FOIA Exemption. 5 U.S.C. § 552(b).

35. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA. 5 U.S.C. § 552(a)(6)(C)(i).  Defendants' failure to comply with FOIA's time limits has constructively exhausted all of Plaintiff's administrative remedies. RMW now turns to this Court to provide relief that ensures Plaintiff, its members, and the public have the prompt public access to agency records guaranteed by FOIA, now and in the future. 5 U.S.C. § 552(a)(6).

36. An agency's failure to comply with FOIA deadlines exhausts all administrative remedies and puts all questions of FOIA compliance within the jurisdiction of the federal courts. Judicial remedy and imposing strict deadlines on agency compliance serve to enforce existing agency obligations, and deters future violations.

37. FOIA is normally resolved on summary judgment.  The burden of proving FOIA compliance falls on the agency. During this litigation, the government must carry its burden of demonstrating all elements of FOIA compliance. The government may meet its litigation burdens by providing admissible evidence, which may include declarations, and disclosing contravening evidence in its possession that address, among other things: whether the agency

used a broad interpretation of the FOIA Request, conducted a lawful search, used a lawful cut-off date for each search, and made a defensible justification at the time it decided to withhold any agency record or part thereof.

38. The Federal Rules of Civil Procedure do not exempt FOIA cases from Rule 26 disclosures. Fed.R.Civ.Pro. 26(a)(1)(B) (listing exemptions). The issues presented in this FOIA litigation are not based on an administrative record.  The record in this FOIA case is developed in the district court, and deference to the agency is inappropriate. 5 U.S.C. § 552(a)(4)(B) (The district court "shall determine the matter de novo.").  This litigation is not subject to the AP Rules. D.C.COLO.LAPR 1.1.  Local rules or practices that exempt FOIA litigation from the normal adversarial practice used in civil litigation, such as those contained in Rule 26 and Rule 56, cannot alter the Federal Rules or FOIA's plain language.

## V. STATEMENT OF FACTS

39. On October 22, 2024, Plaintiff submitted a written FOIA Request to Defendant. *See Attachment 1.*

40. The FOIA Request sought prompt access to agency records involving the proposed rule to delist the Colorado hookless cactus.

41. This FOIA request was assigned tracking number: DOI-2025-000915.

42. On November 20, 2024, this email communication was sent to Plaintiff by Defendants:

> Dear Matthew Sandler:
>
> I am reaching out regarding your request 25-000915 for records related to the Colorado hookless cactus proposed delisting.
>
> Could you please clarify the records you are seeking? Are you requesting related to the Colorado hookless cactus delisting rule; or are you requesting information related the April 11, 2023 proposed rule (as specified by the bullet points listed in your request)?

If you are seeking records related to the April 11, 2023 proposed rule, my understanding is that those would have been provided under DOI-FWS-2023-004966.

If you are seeking records related to the rule, it is my understanding that much of information may be withheld under the deliberative process privilege of exemption 5 because it has not published yet. Given this, do you still wish to pursue your request?

For your awareness, the search date range for this request is June 13, 2023

through November 4, 2024.

Thank you,

Stacey Cummins

Lead FOIA Coordinator

43.    Defendants asserted the FOIA Exemptions in an arbitrary and capricious manner designed to discourage Plaintiff's use of FOIA to timely access agency records.

44. On that same day Plaintiff responded by email, which stated:

Ms. Cummins,

We are seeking records related to both the proposed rule and concerning the final rule.  I don't expect all records, communications, and information would fall within exemption 5.  Additionally, if there are records obtained that were created before June 13, 2023 that were not disclosed pursuant to DOI-FWS-2023-004966, we expect those documents will be disclosed pursuant to this FOIA request.

Thank you,

Matthew Sandler

45. Plaintiff has not heard anything additional from Defendants since November 20, 2024 regarding this FOIA request.

46. Defendants have failed to disclose any agency records pursuant to this FOIA request.

47. Judicial review of the assertion of Exemptions, search, and any other FOIA duty that the agency does not provide evidence demonstrating FOIA compliance is now proper before the Court.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA: Unlawfully Withholding Agency Records Responsive to FOIA Request

48. Plaintiff repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

49. Defendants have not disclosed to Plaintiff any records responsive to the FOIA Request.

50. Defendants have not disclosed to Plaintiff all records responsive to the FOIA Request.

51. Defendants continue to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination.

52. The Agencies disclosures fail to contain many items requested such as public comments, internal and external communications, emails, documents from various offices within the agency, and other requested items.

53. Defendants continue to violate FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendants have not demonstrated are subject to a FOIA withholding provision or would cause actual harm recognized by such provisions. 5 U.S.C. § 552(b).

54. These failures to make determinations on Plaintiffs' FOIA Request within the timeframe required by FOIA are a constructive denial and wrongful withholding of the records requested. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

55. Defendants continue to violate FOIA by not making responsive records promptly

available to Plaintiff. 5 U.S.C. § 552(a), 5 U.S.C. § 552(a)(6)(C)(i).

56. Defendants continue to violate FOIA by unlawfully withholding agency records that are responsive to Plaintiff's request for records, but which are not subject to any FOIA Exemption that allows withholding. 5 U.S.C. § 552(b), 5 U.S.C. § 552(a)(6)(C)(i).

57. Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Agencies violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

58. At such time as appropriate, Plaintiff may request entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.  Enter Findings and Declare that Defendants have violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

B.  Direct by order that each Defendant conduct a lawful search for responsive records;

C.  Direct by order that each Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

D.   Direct by injunction that Defendants promptly provide all agency records responsive to Plaintiff's FOIA Request that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

E.  Direct by order that Defendants provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing

requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

   F.   Direct by order that Defendants provide Plaintiff with all responsive agency records in the form and format specific in the request, by a date certain within twenty working days of any such order;

   G.   Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

   H.   Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

   I.   Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED May 23, 2025:

*s/ Matthew Sandler*
Matthew Sandler
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
Matt@rockymountainwild.org

s/Travis E. Stills
Travis E. Stills
Energy & Conservation Law
227 E. 14th Ave, #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorneys for Plaintiffs*

# Attachment 1

October 22, 2024

FOIA Coordinator
U.S. Fish and Wildlife Service, Region 6
P.O. Box 25486
Denver, CO 80225
Phone: 303-236-4473 / Fax: 303-236-7980
Email: fw6_foia@fws.gov
*Submitted through FOIA Online*

RE: Freedom of Information Act Request for *all agency records* regarding the Endangered Species Act rule to remove the Colorado hookless cactus from the federal list of threatened and endangered species, and anything else relating to this rule or the agency action including internal and external communications, consultation or communications with other state or federal agencies, and the public and communications with any other entity.

Dear FWS FOIA Services Center:

Under the Freedom of Information Act, 5 U.S.C. § 552, Rocky Mountain Wild requests copies of all agency records of the U.S. Fish and Wildlife Service ("FWS") related to the proposed rule to remove the Colorado hookless cactus (*Sclerocactus glaucus* & *Sclerocactus dawsonii*) from the federal list of threatened and endangered species under the Endangered Species Act. 88 FR 21582 (April 11, 2023).

This request includes any and all records regarding:

- The April 11, 2023 proposed rule to delist,
- Public comments related to the April 11, 2023 proposed rule,
- The finding that the Colorado hookless cactus no longer meets the definition of a threatened or endangered species under the Endangered Species Act,
- All information in preparation for and gained through the informational public meetings,
- Any other information, in any form, related to or relied upon in making the Colorado hookless cactus proposed rule to delist,
- Any and all communications with other entities related to the Colorado hookless cactus proposed rule to delist,
- And, any additional documents or information pertaining to the Colorado hookless cactus proposed rule to delist.

Other entities may include the Bureau of Land Management, Denver Botanical Gardens, and any state or federal agencies, elected officials, members of the public or any other unlisted party. Entities also include any and all employees, contractors, partners, subsidiaries, parent corporations, board members, officers, managers, attorneys, agents, and any other person acting on the entity's behalf. These entities include contractors that maintain documents the agency has accessed, or otherwise been advised of their contents. Responsive records may be maintained in various levels of the Fish and Wildlife Service's organizational structure, including the Local Offices, State and Regional Offices, Office of the Solicitor, and Washington D.C. Offices and

the United States Department of Interior. When responding, please designate one point of agency contact so this FOIA can be fulfilled in a timely manner. Communications may include emails, letters, consultations, comments, meeting notes, phone call notes, or any record of such communications. Please expeditiously provide a response date that records can be expected.

Rocky Mountain Wild, is filing this request because it is important for our members and citizens in the region to understand how the Fish and Wildlife Service is working to protect endangered species, adhering to its conservation mandates, complying with federal laws and regulations, and ensuring recovery of listed species. The input from external agencies and entities will help us to determine the validity of this rulemaking process. This information will assist our organization, our members, and the general public to better understand this process. As an organization focused on protecting wildlands for wildlife it is important for us to fully understand the impacts of this proposed rule to delist the Colorado hookless cactus. Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and its daily relationship regarding private interests and conservation efforts.

This request does not seek information already provided pursuant to Rocky Mountain Wild's June 6, 2023 (DOI-FWS-2023-004966) FOIA Request.

If you determine that portions of any records covered by this request are exempt from disclosure, please separate the exempt portions from the nonexempt portions and provide us with copies of the nonexempt portions. For any records that you determine to be exempt from release, please provide us with a specific description of the record or portion of the record along with a particularized description of the legal basis for withholding it. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

The information requested concerns the management, operations, and activities carried out by the Fish and Wildlife Service that will impact private interests, conservation of important habitat, recovery of threatened and endangered species, and overall public land and wildlife management. FOIA provides that agency records shall be provided without charge "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. 552(a)(4)(A)(iii).

Release of the records described in this request will primarily benefit the public and substantially contribute to its understanding of the government's policies and activities concerning management of public lands, wildlife habitat, and endangered species protections. Rocky Mountain Wild makes information concerning the Colorado hookless cactus and species protections on public and private lands available to its members and members of the public through its website, publications, public meetings, electronic and printed action alerts, press releases, phone calls, administrative documents, and litigation, among other means. Through public comment, preparation of action alerts, press releases, public meetings, or other means, Rocky Mountain Wild will make the information obtained from this request available to its supporters and other groups.

If you deny all or any part of this request, please cite each specific exemption you think justifies

your withholding of information. Notify me of appeal procedures available under the law.

The requesting party requests information be provided in OCR searchable PDF Format.

Pursuant to 5 U.S.C. §552(a)(4)(A)(iii), RMW is requesting a fee waiver for the records it is requesting. Rocky Mountain Wild is a non-profit membership organization incorporated in the State of Colorado. Rocky Mountain Wild advocates for the protection of wildlife, endangered species, water, and the public land in the Southern Rockies Ecoregion. RMW and its supporters have a long-standing history with the Colorado hookless cactus and protection and recovery of ESA listed species.

This fee waiver provision was adopted to facilitate access to agency records by citizen "watchdog" organizations such as Rocky Mountain Wild. *See*, *Better Gov't Ass'n v. Department of State*, 780 F.2d 86, 88-89 (D.C. Cir.1987). For this reason, Congress intended that the provision be liberally construed in favor of waivers for noncommercial requesters. *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987).

If, for some reason, you should deny this request for a fee waiver, you should classify our organizations as a representative of the news media, as that term is used in 5 USC § 552 (a)(4)(A)(ii)(II). Rocky Mountain Wild serves as an information clearinghouse for individuals, media outlets, and organizations seeking information on public land and wildlife policies as they impact the Southern Rockies and sensitive/listed species. Information will be distributed through periodic bulletins, our web site, press events, slide shows and tabling at fairs and other public events. Therefore, our organization can be classified as a representative of the news media. *See*, *National Security Archives v. US Department of Defense*, 880 F2d 1381, 1385 (D.C. Cir. 1989).

This request is submitted with the full expectation that such a waiver will be granted. However, if a decision is made to deny the fee waiver request that has regularly been provided to our organizations, please immediately inform the undersigned of the cost of disclosing the above-described records if fees exceed $50.00 and we can discuss appropriate next steps. Requesters are also happy to receive the requested records electronically to matt@rockymountainwild.org.

If you have any questions about handling this request, you may contact Rocky Mountain Wild at (303) 579-5162 or by email at matt@rockymountainwild.org.

Sincerely,

Matthew Sandler
Rocky Mountain Wild
1536 Wynkoop Street, Suite 900
Denver, CO 80202